[Cite as *McLeod v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-7045.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ALBERT MCLEOD, III

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant

Case No. 2009-04220

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

## MAGISTRATE DECISION

{¶1} Plaintiff brought this action alleging negligence. After a trial on the issue of liability, the court rendered judgment in favor of plaintiff and the case proceeded to trial on the issue of damages.

{¶2} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Toledo Correctional Institution (ToCI) pursuant to R.C. 5120.16. On April 15, 2008, a sliding door unexpectedly closed and struck plaintiff as he entered his housing unit. After the liability trial, the court found that Corrections Officer (CO) John Searle was negligent in his operation of the door, and that such negligence was the proximate cause of plaintiff's harm.

{¶3} Plaintiff testified that when the door closed, it initially hit him in the neck and then caught his ankle, and that when the door opened, he fell backward onto the floor and suffered an injury to his lower back. Plaintiff testified that he was transported to the

ToCI medical department and given pain medication. According to plaintiff, he has been prescribed the pain medication Neurontin ever since the incident. Plaintiff stated that prior to being struck by the door he did not have any lower back pain and did not take any prescription pain medication. Plaintiff further stated that since the incident he has been restricted to "light duty" jobs such as wiping off tables in the kitchen and that he is restricted from lifting anything heavier than twenty pounds.

{¶4} Searle testified that the door in question has been closed on him four or five times since he has been employed at ToCI, but that he has never suffered an injury as a result. Searle stated that he believes that the door operates on 30 or 40 pounds of air pressure and is of the opinion that it does not close with enough force to cause injury.

{¶5} Barbara Woods, M.D., a physician employed by defendant at the London Correctional Institution (LoCI), testified that she treated plaintiff for the brief period of time he was incarcerated at LoCI after the incident. Woods testified that as part of her treatment of plaintiff, she requested that he undergo an MRI. According to Woods, the MRI revealed that plaintiff suffered from arthritis in his lower back that had developed over time, most likely from an injury in his "distant past." She opined that the underlying injury to the lower back was not consistent with the injury described by plaintiff, but admitted that the harm suffered by plaintiff could have aggravated the underlying injury and caused the pain from which he now suffers.

{¶6} Based upon the foregoing, the court finds that plaintiff suffers from mild, chronic, lower back pain as a result of his fall to the floor after being struck by the door on April 15, 2008. The court further finds that the pain is adequately managed by prescription pain medication and that it is not so severe or debilitating as to greatly

hinder his daily life.  Accordingly, judgment is recommended in favor of plaintiff in the amount of $10,000.

{¶7} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i).  If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed.  A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
MATTHEW C. RAMBO
Magistrate

cc:

Christopher P. Conomy                    Richard F. Swope
Assistant Attorney General               6480 East Main Street, Suite 102
150 East Gay Street, 18th Floor          Reynoldsburg, Ohio 43068
Columbus, Ohio 43215-3130

MCR/dms
Filed December 30, 2011
To S.C. reporter March 20, 2012